# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN MICHAEL RUIZ | CIVIL ACTION |
| VERSUS | NO. 13-6373-JVM |
| JAMES LEBLANC, ET AL. | |

## ORDER AND REASONS

Plaintiff, Jonathan Michael Ruiz, was a state prisoner at the time he filed this *pro se* civil rights action. He sued Louisiana Department of Public Safety and Corrections Secretary James LeBlanc in his official and individual capacities, Chief of Operations Jeffery Travis in his official and individual capacities, Warden Robert Tanner in his official and individual capacities, Deputy Warden Keith Bickham in his individual capacity, Charles Touchstone in his individual capacity, and Donna Touchstone in her individual capacity. The gist of the plaintiff's complaint was that he was subjected to unconstitutional conditions of confinement while incarcerated on extended lockdown at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.

In May of 2014, former United States Magistrate Judge Sally Shushan dismissed plaintiff's claims.[1] Plaintiff appealed.[2] The United States Fifth Circuit Court of Appeals subsequently affirmed in part, reversed in part, and remanded the matter for further proceedings.[3] Specifically, the Court of Appeals remanded the following claims for further consideration: (1) plaintiff's claim that he was deprived of exercise because he was required to wear full restraints, including handcuffs, a leather restraint belt, and shackles, during his outdoor exercise; (2) his "totality of the conditions" claim as it related to his deprivation of exercise claim; (3) his claim that he was

---

[1] Rec. Docs. 13 and 14; Ruiz v. LeBlanc, Civ. Action No. 13-6373, 2014 WL 12675262 (E.D. La. May 6, 2014).
[2] Rec. Doc. 15.
[3] Rec. Doc. 25; Ruiz v. LeBlanc, 643 Fed. App'x 358 (5th Cir. 2016). After Magistrate Judge Shushan's retirement, this case was reassigned to the undersigned.

prohibited by prison regulations from receiving and possessing any packages or publications, in violation of the First Amendment, while he was held in extended lockdown; and (4) his state law claims.

Pursuant to the order of remand, plaintiff was directed to file an amended complaint,[4] and he in fact did so.[5] However, plaintiff was thereafter released from state custody, and he failed to notify the Court of his current address.[6] As a result, his whereabouts are unknown, and the Court is therefore unable to advance his case on the docket.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at his address of record was returned by the United States Postal Service as undeliverable because he was no longer at that address.[7]

In light of the foregoing, it is appropriate to dismiss plaintiff's remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to

---

[4] Rec. Doc. 26.
[5] Rec.Doc. 31.
[6] Rec. Doc. 32.
[7] Rec. Doc. 33.

comply with the Federal Rules of Civil Procedure or any order of the court, and such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to notify the Court of his current address and mail sent to him at his address of record has been returned to the Court as undeliverable. Due solely to plaintiff's failure, his whereabouts are unknown, and the Court has no way to contact him in order to advance his case on the docket. Therefore, dismissal of his remaining claims is now appropriate.

Accordingly,

**IT IS ORDERED** that the following claims, which are plaintiff's only remaining claims, are **DISMISSED WITH PREJUDICE** for failure to prosecute: (1) plaintiff's claim that he was deprived of exercise because he was required to wear full restraints, including handcuffs, a leather restraint belt, and shackles, during his outdoor exercise; (2) his "totality of the conditions" claim as it related to his deprivation of exercise claim; (3) his claim that he was prohibited by prison regulations from receiving and possessing any packages or publications, in violation of the First Amendment, while he was held in extended lockdown; and (4) his state law claims.

New Orleans, Louisiana, this thirty-first day of May, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**